# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE SUNDBY, et al., <br><br> Plaintiff, <br> vs. <br> THE BANK OF NEW YORK MELLON, et al., <br><br> Defendant. | CASE NO. 11CV627 DMS (RBB) <br><br> **ORDER GRANTING MOTION TO REMAND** |

Pending before the Court is Plaintiffs' motion to remand the action to State Court. (Doc. 14.) On April 27, 2011, the Court issued an Order shortening the time on the motion and requiring Defendants to file an opposition to Plaintiffs' motion to remand on or before May 2, 2011. (Doc. 18.) Defendants did not timely file an opposition. For the following reasons, Plaintiffs' motion to remand this action is granted.

As an initial matter, under United States District Court, Southern District of California Local Rule 7.1.f.3.c, "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2., that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Accordingly, the Court finds Defendants' failure to file an opposition to Plaintiffs' motion to remand constitutes their consent to the granting of the motion.

Furthermore, the Court finds it does not have jurisdiction over this action and remand is appropriate. Defendant The Bank of New York Mellon ("BNY Mellon") removed this action to this

1    Court on March 28, 2011, with the consent of Defendants Wells Fargo and Company and First
2    American Loanstar Trustee Services. (Doc. 1.)  The removal was based upon this Court's purported
3    jurisdiction due to the diversity of the parties pursuant to 28 U.S.C. § 1332(a).  It is uncontested that
4    Plaintiffs are citizens of California.  It is also uncontested that BNY Mellon is a Delaware corporation
5    with its principal place of business in New York.  In its notice of removal, however, BNY Mellon
6    argued the citizenship of Defendant Wells Fargo and Company should be disregarded for purposes of
7    determining jurisdiction because it "is a holding company that does not make or service loans with the
8    public" and is a "sham" defendant. (Removal at 3.)  The following day, Defendants BNY Mellon and
9    Wells Fargo and Company filed a motion to drop Wells Fargo and Company as a Defendant.  (Doc.
10   3.)  In its notice of removal, BNY Mellon further stated it "is informed and believes, and on that basis
11   alleges, that defendant First American Financial Corporation is improperly named, and that the proper
12   defendant . . . is 'First American Loanstar Trustee Services.'" (Removal at 3-4.)  BNY Mellon alleges,
13   without submitting the filing to the Court, that Defendant First American Loanstar Trustee Services
14   filed a Declaration of Nonmonetary Status pursuant to California Civil Code § 2924*l* in State Court
15   prior to removal and its citizenship should therefore be disregarded for purposes of determining
16   jurisdiction. (*Id.* at 4.)  Plaintiffs filed a motion to remand this action on April 26, 2011. (Doc. 14.)

17        As to Defendant First American Loanstar Trustee Services, Plaintiffs challenge that First
18   American Financial Corporation was improperly named in this action.  However, even assuming First
19   American Loanstar Trustee Services is the proper Defendant, Plaintiffs timely filed an opposition to
20   the Declaration of Nonmonetary Status with this Court and First American Loanstar Trustee Services
21   is therefore required to participate in this action and its citizenship should properly be considered for
22   purposes of determining jurisdiction. Cal. Civ. Code § 2924*l*(e).  In the Second Amended Complaint
23   ("SAC"), filed by Plaintiffs as a matter of right on April 22, 2011, Plaintiffs allege "Defendant First
24   American Title Insurance Company, also known as First American Trustee Servicing Solutions LLC
25   and formerly known as First American LoanStar Trustee Services LLC, a California company with its
26   home office in Santa Ana, CA, is a subsidiary of Defendant First American Financial Corporation, a
27   Delaware company with corporate headquarters in Santa Ana, CA." (SAC ¶ 4.)  Defendants do not
28   challenge that Defendant First American Loanstar Trustee Services is a citizen of California for

1  purposes of determining this Court's jurisdiction over the action.  BNY Mellon has failed to meet its
2  burden of demonstrating this Court's jurisdiction over this action upon removal and remand is
3  warranted.

4        The Court further notes that the removal of this action, which was done on the eve of a pending
5  motion for a temporary restraining order by Plaintiffs in State Court and was relayed to Plaintiffs at
6  the beginning of the hearing on that motion, appears to have been done for the purpose of delay in the
7  hope that the Court presiding over Defendant BNY Mellon's separate unlawful detainer action against
8  Plaintiffs may resolve that action before another court has the opportunity to reach the merits of
9  Plaintiffs' claims in the present action.  In removing this action, Defendants argued the citizenship of
10 two named Defendants should be disregarded for purposes of determining jurisdiction and then
11 Defendants failed to oppose Plaintiffs' motion for remand.  If in fact the removal of this action was
12 done for the purpose of delay, the Court strongly disapproves of such gamesmanship of the legal
13 system and waste of judicial resources.  Rule 11 states, "[b]y presenting to the court a pleading, written
14 motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's
15 knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1)
16 it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or
17 needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b).  Counsel should be mindful of this
18 and cautious in pursuing such tactics in the future.

19 **IT IS SO ORDERED.**

20 DATED: May 3, 2011

                    HON. DANA M. SABRAW
                    United States District Judge